UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LEON G. TRIVELLI,

      Plaintiff,

    - against -

ACTING COMMISSIONER OF SOCIAL
SECURITY, MICHAEL J. ASTRUE,

      Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

07 CV 4329 (NGG)

On October 17, 2007, plaintiff Leon G. Trivelli commenced this action, seeking review of the denial of his application for Social Security Disability benefits. Following a remand for futher proceedings before an Administrative Law Judge ("ALJ"), plaintiff was awarded more than $95,000 in retrospective benefits. By motion dated May 19, 2010, plaintiff Leon G. Trivelli seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). By Order dated July 21, 2010, the motion was referred to this Court for a Report and Recommendation.

## BACKGROUND

In 2007, plaintiff sought Social Security Disability benefits relating to a disability with an alleged onset of December 1, 2003. (Mot.[1] at 2). The ALJ found that the plaintiff was not entitled to a period of disability and denied plaintiff's request for review of his application.

---

[1] Citations to "Mot." refer to plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), dated May 19, 2010.

1

(Trans.[2] at 27). On August 27, 2007, the Appeals Council affirmed the ALJ's determination. (Id. at 2). On September 20, 2007, plaintiff retained the firm of Simon & Gilman, LLP ("the Firm") to represent him in pursuing his application for benefits. (Id.) At the time plaintiff entered into a retainer agreement with the Firm, plaintiff agreed that, in return for the Firm's legal services, he would pay the Firm 25% of his past-due benefits if the action was successful. (Id., Ex. 6).

Thereafter, on October 17, 2007, plaintiff filed this action seeking review of the Commissioner's denial of benefits. By Stipulation and Order dated July 3, 2008, the case was remanded for further proceedings before an ALJ. On remand, while awaiting a hearing, additional medical evidence was obtained, reviewed, summarized, and forwarded to the Office of Disability Adjudication and Review for inclusion into plaintiff's Exhibit File. On November 25, 2008, a hearing was held before the ALJ which resulted in a favorable decision, dated July 20, 2009, awarding plaintiff more than $95,000.00 in retrospective benefits. (Id. at 2, 5).

According to the Social Security Administration Fee Petition and Award Letter, 25% of plaintiff's benefits, amounting to $31,136.75, was withheld to pay attorney's fees. (Mot. at 1; Ex. 2-3). On May 12, 2010, Regional Chief ALJ Mark S. Sochaczewsky approved $23,082.00 in legal fees pursuant to 42 U.S.C. § 406(a). (Resp.[3] at 1; Mot. Ex. 5). Plaintiff argues that, pursuant to 42 U.S.C. § 406(b), there remains a total of $8,054.75 outstanding for the 14.55 hours of work expended by his attorney in connection with this federal action. (Resp. at 1; Mot.

---

[2]Citations to "Trans." refer to the administrative transcript filed on February 13, 2008.

[3]Citations to "Resp." refer to defendant's Response to plaintiff's Petition for Attorney's Fees, dated June 2, 2010.

2

at 5).[4]

## DISCUSSION

A. <u>Legal Standard</u>

Plaintiff's original motion seeks an award of attorney's fees in the amount of $8,054.75, pursuant to 42 U.S.C. § 406(b). Section 406(b)(1) of the Social Security Act ("SSA") provides: "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1). The Second Circuit has made it clear that, subject to the 25% limitation, a court may enforce a contingent fee arrangement in an SSA case unless the court finds it to be otherwise unreasonable. The court in <u>Wells v. Sullivan</u> stated:

> [w]e hold that where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.

907 F.2d 367, 371 (2d Cir. 1990).

The court explained that "accepting reasonable contingency agreements as the basis for a § 406(b) social security fee provides a critical incentive for able attorneys to practice in the social security field and increases the likelihood that a claimant can find an attorney sufficiently

---

[4]Based on this Court's calculation, it appears that counsel made a computation error and the total hours worked on the matter was actually 64.25 hours. In counsel's itemization of services, counsel seeks fees for 64.75 hours worked. (Mot. Ex. 4). Although plaintiff does not provide a breakdown of those hours performed at the administrative level and those hours expended in the federal court proceeding, both parties concede that 14.55 hours of attorney time was expended in connection with this court proceeding. (Resp. ¶ 2; Amended Req. ¶ 2).

3

committed and skilled to litigate successfully against the government." Id. at 372. Absent a finding of fraud or overreaching or a finding that the fee would result in a "windfall" to the attorney, contingency fee requests within the statutory cap should be given proper deference as would be given any contract embodying the intent of the parties. Id.

In determining if a legal fee is reasonable, the Social Security Administration considers the factors set forth in 20 C.F.R. § 404.1725(b)(1)(i)-(vii), and reviewing courts have adopted similar factors. See Gisbrecht v. Barnhart, 535 U.S. 789, 794-95 (2002). Section 404.1725(b) provides that a request for approval of a fee should evaluate:

> (i) The extent and type of services the representative performed; (ii) The complexity of the case; (iii) The level of skill and competence required . . .; (iv) The amount of time the representative spent on the case; (v) The results the representative achieved; (vi) The level of review at which the representative became your representative; and (vii) The amount of fee the representative requests . . . .

20 C.F.R. § 404.1725(b)(1)(i)-(vii). Although courts generally consider these factors, they have not treated each of the above factors as equally significant and have not limited their assessment of reasonableness to these standards. See, e.g., Rodriguez v. Bowen, 865 F.2d 739, 745 (6th Cir. 1989).

A plaintiff's attorney may also request fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA seeks to compensate plaintiffs when the government's denial of benefits was inappropriate. To apply for EAJA fees, a plaintiff must demonstrate: "(1) that he is a 'prevailing party,' (2) the Government's position in the underlying action was not 'substantially justified,' (3) no 'special circumstances' make the award of fees

4

unjust, and (4) the fee application was submitted to the court within 30 days of the final judgment in the action." Pereira v. Astrue, No. 09 CV 1024, 2010 WL 3562058 at *3 (E.D.N.Y. Sept. 9, 2010). Unlike an award under 42 U.S.C. § 406(b), the EAJA fee is calculated by multiplying the number of hours plaintiff's attorney claims he worked at the court level by the standard EAJA hourly award rate. The statutory ceiling for an EAJA fee rate is $125.00 per hour. 28 U.S.C. § 2412(d)(2)(A). Attorney's fees calculated at a rate above the statutory cap of $125.00 per hour are not awarded unless the court determines that a higher rate is justified either (a) because of an increase in the cost of living or (b) because of the existence of a special factor, such as a limited number of qualified attorneys for the proceedings. 28 U.S.C. § 2412(d)(2)(A).

A successful plaintiff may seek fees under both EAJA and 42 U.S.C. § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 794-95 (2002). In considering whether a request for fees under 42 U.S.C. § 406(b) is reasonable, some courts have held that a fee request is unreasonable when the attorney failed to apply for fees under the EAJA. In Iliceto v. Secretary of Department of Health and Human Services, the court held that "[t]he unreasonableness of the [attorney's fee] request lies in plaintiff's attorney's failure to request EAJA fees." No. 93 CV 2160, 1990 WL 186254 at *1 (E.D.N.Y. Nov. 14, 1990) (reducing § 406(b) award by amount that would have been obtained under EAJA); see also Boyd v. Barnhart, No. 97 CV 7273, 2002 WL 32096590 at *3 (E.D.N.Y. Oct. 24, 2002); Berry v. Sec'y of Health & Human Servs., No. 85 CV 2229, 1987 WL 14086 at *1 (E.D.N.Y. July 14, 1987) (citing Garber v. Heckler, 607 F. Supp. 574 (E.D.N.Y. 1985)). When a fee request is deemed unreasonable because counsel failed to seek an EAJA award, the court reviewing the fee

request may reduce the award by the amount that would have been awarded under the EAJA. See, e.g., Iliceto v. Sec'y of Dep't of Health & Human Servs., 1990 WL 186254 at *2.

B. Analysis

Plaintiff's counsel, a lawyer experienced in social security disability cases, entered into a contingency fee retainer agreement with plaintiff providing for a fee of 25% of past-due benefits if successful. (Mot. Ex. 6). This percentage is clearly permissible under 42 U.S.C. § 406(b) in that it falls within the statutory cap. The plaintiff agreed to the 25% contingency fee when he entered into the retainer agreement with counsel and reaffirmed this agreement in his letter of support to the ALJ requesting that the Firm receive 25% of his past-due benefits in the amount of $31,136.75. (Mot. Ex. 3).

Plaintiff's counsel and the Social Security Administration concede that $23,082.00 in fees was paid from the total amount withheld and that $8,052.75 has not been disbursed. According to defendant's response to plaintiff's petition for attorney's fees, dated June 2, 2010, the remainder of the requested fee in the amount of $8,052.75 relates to the alleged 14.55 hours of work performed by counsel in this federal action pursuant to 42 U.S.C. § 406(b). (Resp. at 1). Defendant does not dispute the number of hours performed in court nor does it appear to challenge the resulting hourly rate of $552.59 as unreasonable. Rather, defendant relies on rulings in this district that have denied a request for attorney's fees pursuant to 42 U.S.C. § 406(b) because counsel failed to apply for EAJA fees. See, e.g., Iliceto v. Sec'y of Dep't of Health & Human Servs., 1990 WL 186254 at *1; Berry v. Sec'y of Health and Human Services, 1987 WL 14086 at *1 (citing Garber v. Heckler, 607 F. Supp. 574); see also Boyd v. Barnhart,

2002 WL 32096590 at *3.

Both parties agree that an application for EAJA fees was appropriate in the instant matter. (Resp. at 1; Am. Req.[5] at 1). In a letter dated June 3, 2010, plaintiff's counsel acknowledges his failure to apply for attorney's fees under the EAJA. (Am. Req. at 1). Moreover, there is no dispute that an EAJA fee request is now time-barred because counsel missed the 30-day filing period. Had counsel timely applied for and been awarded EAJA fees, that amount would have been deducted from the $31,136.75 withheld for fees by the ALJ and eventually returned to plaintiff. Under these circumstances, where counsel failed to apply for EAJA fees, "the client should [not] shoulder the financial burden of the lost EAJA fees." Iliceto v. Sec'y of Dep't of Health & Human Servs., 1990 WL 186254 at *2. Recognizing this, the Firm has subsequently reduced their fee request to $6,090.50, based on an estimated EAJA fee of $1,818.75, calculated by multiplying 14.55 hours worked by a rate of $135.00 per hour. (Am. Req. at 1). Although the statutory cap of $125.00 per hour is the appropriate hourly rate to use when estimating an EAJA fee, see Benton v. Comm'r of Social Security, 2007 WL 2027320 at *2-3, the Firm's suggested rate of $135.00 actually inures to the benefit of plaintiff.[6] Although the Firm's original request was unreasonable and subject to reduction as a result of counsel's failure to request an award under EAJA, the Court finds that the Amended Request, which seeks the reduced amount of $6,090.50, is reasonable.

---

[5] Citations to "Am. Req." refer to plaintiff's letter amending his fee request, dated June 3, 2010.

[6] Using a rate of $125 per hour, the estimated EAJA fee amounts to $1,818.75. If the original request of $8,054.75 were reduced by the estimated EAJA award of $1,818.75, it would result in a total award to counsel in the amount of $6,236.00. However, in the amended request, counsel seeks only $6,090.50.

Accordingly, the Court respectfully recommends that attorney's fees in the amount of $6,090.50 be awarded to the Firm.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to mail copies of this Report and Recommendation to the parties.

**SO ORDERED.**

Dated: Brooklyn, New York
November 15, 2010

Cheryl L. Pollak
United States Magistrate Judge